UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00159-MOC-DLH

| | |   | |
|---|---|---|---|
| **RACHEL D. MAGAHA,** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| Vs. | ) | **ORDER** | |
| | ) | | |
| **W & B TRUCKING, INC., BRANDON WHITE, Individually, and AMANDA WHITE, Individually,** | ) ) ) ) | | |
| Defendants. | ) | | |

**THIS MATTER** is before the court on Defendants' Motion to Dismiss (#5), which has been fully briefed and is ripe for review. Having considered the motion and reviewed the pleadings, the court enters the following Order.

I.     **Introduction**

The Complaint (#1) in this case generally asserts the following facts. Plaintiff Rachel Magaha began working as a secretary for Defendant W & B Trucking, Inc. ("W & B") in 1998 and was discharged from her employment in 2014. (Compl. ¶¶ 10, 31). At the time W & B discharged Plaintiff, she was 67 years old. (Compl. ¶ 3). W & B is a North Carolina corporation with its principal place of business in Kings Mountain, Cleveland County, North Carolina. (Compl. ¶ 4). Defendant Brandon White is President of W & B and Defendant Amanda White is its Vice President. (Compl. ¶¶ 5, 6). Around September 23, 2013, Plaintiff's working hours were changed from five days a week of full-time work to a part-time schedule of three days a week. (Compl. ¶ 13). At the time her hours were cut, Plaintiff was one of the oldest employees at W &

-1-

B Trucking (Compl. ¶ 15) and was the only employee whose hours were cut at the time. (Compl. ¶ 14). Plaintiff states that she never received negative performance reviews (Compl. ¶ 17) and was physically and mentally capable of the job she was hired to perform. (Compl. ¶ 16).

At some point, Defendants imposed a condition of Plaintiff's continued employment, requiring her to contact her supervisor, Ms. White, at the beginning of each week to find out which days Plaintiff was scheduled to work. (Compl. ¶ 20). Over time, Plaintiff's work schedule significantly decreased and Ms. White would not inform her of her hours. (Compl. ¶ 23). Plaintiff also states that when she was at work, Ms. White subjected her to constant harassment and jokes about her age in front of other employees (Compl. ¶ 28), frequently and loudly announcing that Plaintiff was "too old," that Plaintiff "needed to retire," that W & B would give Plaintiff a "big retirement party" when she retired, and that Plaintiff would be "useless" to any other employer due to her age. (Compl. ¶ 28). Plaintiff responded by telling Ms. White that she was not ready to retire and that she did not find the taunts about her age to be appropriate or funny. (Compl. ¶¶ 29-30).

Plaintiff states that because her hours had been dramatically cut, she contacted the North Carolina Division of Employment Security to file for unemployment benefits in June 2014. (Compl. ¶ 25). Upon finding out that Plaintiff contacted the Division of Unemployment Security, Ms. White told Plaintiff that her working hours would soon increase. (Compl. ¶ 26). Despite these promises, her working hours never increased and instead decreased. (Compl. ¶ 26-27). After receiving only one working day during July 2014 (Compl. ¶ 24), Plaintiff went to the W & B office in August 2014 to find out her status with the company. (Compl. ¶ 31). Mr. White then

informed her that she was permanently laid off. (Compl. ¶ 31). At the time of her discharge, she was one of the oldest employees at the company. (Compl. ¶ 32).

Plaintiff filed this lawsuit in July 2015, alleging violations of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, et seq., wrongful discharge in violation of the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.2, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants now move to dismiss these claims as described herein. See (#5).

**II.     Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted). A claimant must plead sufficient facts to state a claim for relief that is "plausible on its face." Id. at 570 (emphasis added). As the Court elaborated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), "[a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. (citation omitted). While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a

court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." 556 U.S. at 679. While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level…" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

### III. Discussion

By their motion, Defendants seek to dismiss all claims (Counts I-IV of the Complaint) against Mr. and Mrs. White, which were brought individually. Additionally, Defendants seek to dismiss Plaintiff's claims for negligent and intentional infliction of emotional distress (Counts III and IV), as well as Plaintiff's claim for hostile work environment under the ADEA (part of Count I), as to Defendant W&B Trucking. Defendants do not move to dismiss Plaintiff's claim for wrongful termination in violation of the ADEA (part of Count I) or her claim for wrongful termination in violation of North Carolina public policy (Count II) as to W&B Trucking.

### A. Counts I and II (ADEA and Wrongful Discharge) as to Defendants Brandon and Amanda White

Defendants argue that Plaintiff's allegations of ADEA violations and wrongful discharge in violation of North Carolina public policy as against Mr. and Mrs. White must be dismissed because such claims cannot be properly brought against them as individuals. The ADEA makes it "unlawful for an <u>employer</u> ... to discharge any individual or otherwise discriminate against any individual…because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The NCEEPA prohibits discrimination based on age as against public policy, providing:

> [I]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. Gen. Stat. § 143–422.2 (1977). The statute provides a cause of action for those alleging wrongful discharge on the basis of age. <u>Rishel v. Nationwide Mut. Ins. Co.</u>, 297 F. Supp. 2d 854, 875 (M.D.N.C. 2003). When considering a wrongful discharge claim on the basis of age under North Carolina law, the court applies the same standards applied under the ADEA. <u>Id.</u>; accord <u>Moser v. Driller's Serv., Inc.</u>, 988 F. Supp. 2d 559, 565 (W.D.N.C. 2013); <u>Matthews v. Novant Health, Inc.</u>, No. 3:09CV494-RJC-DSC, 2010 WL 2131559, at *7 (W.D.N.C. Apr. 29, 2010) (report and recommendation adopted) ("Regarding Plaintiff's state public policy claim, North Carolina courts "look to federal decisions [in employment discrimination cases] for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases.") (quoting <u>N.C. Dept. of Correction v. Gibson</u>, 308 N.C. 131, 136 (1983)).

As to whether an individual, as an employee of the Defendant responsible for employment termination decisions, can be held liable in his individual capacity for an ADEA

violation is a matter that has been squarely addressed by the Fourth Circuit. In Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994), the court considered whether an employee of the Defendant company who was primarily responsible for making firing decisions could be held individually liable under the ADEA. The court expressly declined to extend liability to such individuals, ultimately holding that "the ADEA limits civil liability to the employer and that [the individual defendant 'primarily responsible for layoff decisions']…is not a proper defendant in this case." Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994) (internal quotation at 509). As later explained in an unpublished decision from the Fourth Circuit:

> only an employer, and not an individual employee, may be held liable under the ADEA. In Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir.1994), this Court held that individual defendants cannot be held liable under the ADEA for "personnel decisions of a plainly delegable character." Id. at 510 n. 1. A decision is "plainly delegable" if the "employer could delegate authority to a supervisor to act as its agent" including decisions to promote, terminate, and "other normal personnel actions." Cortes v. McDonald's Corp., 955 F.Supp. 531, 537 (E.D.N.C.1996). In this case, the issue is…the decision not to promote him. This is a clearly delegable personnel decision, and thus [plaintiff' supervisor] cannot be held individually liable.

McNeal v. Montgomery Cty., Md., 307 F. App'x 766, 775 (4th Cir. 2009). Thus, Defendants Mr. and Mrs. White, as employees of Defendant W&B Trucking, are not proper defendants for Plaintiff's ADEA claim and Count I must be dismissed as to each of them. See Jiggetts v. Sharpe, 141 F. App'x 162, 163 (4th Cir. 2005) ("Individuals cannot be held liable for employment discrimination under the ADEA.") (citing Birkbeck, 30 F.3d 507); Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) ("the ADEA…[does] not provide for causes of action against defendants in their individual capacities."); Eden v. Arc Developers, Inc., No. CIV. JFM 08-564, 2008 WL 1782299, at *2 (D. Md. Apr. 16, 2008) ("Under the ADEA, a

plaintiff's remedy is against her employer. See 29 U.S.C. § 623(a) ('It shall be unlawful for an employer...') (emphasis added). At the very least, the Fourth Circuit has made clear that, absent extraordinary circumstances, the term 'employer' does not include individual defendants."); Gibson v. Corning Inc., No. 5:14-CV-105-BO, 2015 WL 1880188, at *4 (E.D.N.C. Apr. 13, 2015) appeal dismissed, 615 F. App'x 127 (4th Cir. 2015); Causey v. Balog, 929 F. Supp. 900, 905 (D. Md. 1996) aff'd, 162 F.3d 795 (4th Cir. 1998).

Plaintiff argues that the facts of this case do not fall within the holding of Birkbeck because she was subject to persistent harassment and more discriminatory treatment than the plaintiffs in that case. However, even accepting her factual allegations as true, they simply have no bearing on whether Mr. and Mrs. White can be individually liable under the ADEA. Plaintiff offers no controlling or even persuasive legal authority that would enable this court to apply such standards, and the court notes that district courts in this Circuit faced with similar facts have followed the holding as to individual liability from Birkbeck. See, e.g., Eden v. Arc Developers, Inc., No. CIV. JFM 08-564, 2008 WL 1782299, at *1 (D. Md. Apr. 16, 2008) ("imposition of individual liability is clearly the exception rather than the rule. Plaintiff claims unlawful termination, and the complaint includes an allegation that [individual defendant] made a negative comment concerning plaintiff's age….These allegations do not remove plaintiff's case from the normal universe of age discrimination claims, and provide no basis for the imposition of individual liability.").

Considering that district courts consider the principles of the ADEA in the context of N.C. Gen. Stat. § 143-422.2, the court finds that the same logic applies to Plaintiff's claim against Mr. and Mrs. White for wrongful discharge in violation of North Carolina public policy.

See Gibson, 2015 WL 1880188, at *4 (holding that an individual cannot be held liable under the ADEA and that "[l]ikewise, a claim for wrongful discharge under North Carolina law cannot be brought against an individual—a plaintiff may only bring suit against his employer for wrongful discharge"); Iglesias v. Wolford, 539 F. Supp. 2d 831, 839-40 (E.D.N.C. 2008).

Plaintiff argues that Mr. and Mrs. White should be held liable as managers in their individual capacity, citing Alexander v. Diversified Ace Servs. II, AJV, No. 1:11CV725, 2014 WL 502496 (M.D.N.C. Feb. 7, 2014), and contending that it stands for the proposition that owners can be qualified as employees for the purposes of a wrongful discharge claim under North Carolina law. First, the court notes that such decision is not binding on this court. Moreover, as Defendants note, the facts of that case are clearly distinguishable here. After dismissing a Title VII harassment claim against an individual who acted as Plaintiff's supervisor, the court in Alexander confronted the question of whether another supervisory employee, who was alleged to have been an owner and/or manager of the defendant corporate employer, <u>which was a joint venture</u>, might be liable under Title VII in his individual capacity given the nature of liability imposed upon members of joint ventures. The court reasoned:

> Under North Carolina law, [a] joint [venture] is in the nature of a kind of partnership, and although a partnership and a joint [venture] are distinct relationships, they are governed by substantially the same rules. With limited exceptions, all partners are jointly and severally liable for the acts and obligations of a partnership formed under North Carolina law. A joint venture operates similarly, in that the torts of one member of a joint venture may be imputed to another member of the same joint venture. ..Therefore, Plaintiff's allegations about Defendant Malone owning [Defendant] DAS II and/or one or more of its parent companies, coupled with some of her factual allegations (such as Defendant Malone telling Plaintiff that "her complaints were a disruption of *his* business, and because of that he was firing her" (emphasis added)), supports a theory that Defendant Malone could be an employer under Title VII….Though the extent of Defendant Malone's relationship with Corporate Defendants is unknown at this stage, Plaintiff has pled facts sufficient to allow this claim to proceed against

Defendant Malone, even though he is an individual.

Alexander, 2014 WL 502496, at *7-8 (M.D.N.C. Feb. 7, 2014) (internal citations and quotations omitted) (alterations in original). Regarding the wrongful discharge claim in that case, the court similarly allowed it to move forward, noting that

> [a]s previously discussed, Plaintiff has alleged facts that potentially could support treating Defendant Malone as an employer in the Title VII context, and therefore the Court allowed the Title VII claim against Defendant Malone to proceed at this stage. Similarly, Plaintiff has alleged facts sufficient to support a conclusion that Defendant Malone could be treated as an employer in the wrongful discharge context.

Id. at *20. The findings as to individual liability in that case hinged on the fact that the Defendant employer was a joint venture. Here, on the other hand, Plaintiff has made no allegations whatsoever regarding Defendants being involved in a joint venture or other corporate form that would raise a question as to whether individual liability was appropriate. Plaintiff's Complaint states that "Defendant W&B Trucking is a corporation organized under the laws of North Carolina" and that it that hired Plaintiff as a secretary. See (#1 at ¶¶ 4, 10). Plaintiff has alleged that Mr. and Mrs. White served as the president and vice president, respectively, of W&B Trucking. See (id. at ¶¶ 11-12). Plaintiff has offered no facts or legal authority standing for the proposition that individual liability extends to Mr. and Mrs. White for the wrongful discharge claim because of the corporate form, their ownership of corporate stock, or their positions within the corporation. Because they are not proper defendants for Counts I and II, the court lacks subject matter jurisdiction over them as to such claims, and the court will dismiss such counts as to those Defendants. See Fed. R. Civ. P. 12(h)(3); ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Thomas v. Duke Univ., No. 3:11-CV-00387-W, 2012 WL 4753299, at *3 (W.D.N.C. Oct. 4, 2012) aff'd, 512 F. App'x

312 (4th Cir. 2013) ("Under well-settled precedent, this Court lacks subject matter jurisdiction over Defendants…in their individual capacities because Title VII and ADEA claims do not permit individual liability for employment discrimination.") (citing Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010)).

### B. 12(b)(1) and 12(b)(6) Motions as to ADEA Hostile Work Environment (Count I), and Emotional Distress Claims (Counts III and IV)

Defendants argue that Plaintiff's ADEA claim for hostile work environment should be dismissed as to all Defendants under the pleading standards of Rule 12(b)(6). Title VII makes it an "unlawful employment practice for an employer ... to fail or refuse to hire or to discharge ... or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex." 42 U.S.C.A. § 2000e–2(a)(1). Hostile work environment claims relate to the "terms, conditions, or privileges" of employment. Hartsell v. Duplex Products, Inc., 123 F.3d 766, 772 (4th Cir. 1997). In order to state an ADEA hostile work environment claim, Plaintiff must allege that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her… age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Here, Plaintiff is over 40 years of age, and states that she was harassed based on her age, as evidenced by multiple offensive comments by Ms. White calling her "too old," telling her that she "needed to retire," speculating about her "retirement party," telling her that she was "useless" due to her age, and openly embarrassing her for being "old" in front of her coworkers. (Compl. ¶¶ 3, 28). Defendants argue that Plaintiff's ADEA hostile work environment claim must be dismissed because she has not

alleged sufficiently severe and pervasive harassment. The court disagrees and finds that at this point in the proceedings, accepting the alleged facts as true and considering them in the light most favorable to Plaintiff, she has sufficiently pleaded a claim for hostile work environment under the ADEA to survive Defendants' Motion to Dismiss. The court will therefore deny without prejudice Defendants' Motion as to the hostile work environment ADEA claim.

Defendants also move to dismiss Counts III and IV as to all Defendants pursuant to 12(b)(6) as 12(b)(1). Upon consideration of Defendants' arguments and the applicable legal authority, the court will deny such motions without prejudice, subject to renewal in the form of a motion for summary judgment after the close of discovery.

**IV.    Conclusion**

In light of the above analysis, the court will grant dismiss Counts I and II as to Defendants Amanda and Brandon White, as they are improper defendants and the court lacks jurisdiction over them. The court will deny the remainder of Defendants' Motion to dismiss without prejudice as to reasserting the substance of such motion after discovery has closed in the form of a motion for summary judgment. Additionally, the court notes that to the extent Plaintiff asserted an alternative motion to amend the complaint in her response brief by stating, "[i]f this Court finds that any of the claims have not been plead with sufficient particularity, Plaintiff requests the less drastic remedy of allowing Plaintiff to amend her complaint rather than dismissing the claims with prejudice," see (#9) at p. 11, the court will deny such motion. In addition to the fact that the motion was improperly contained within a response brief, see LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading."), the court is not dismissing any of Plaintiff's claims for failure to

plead with sufficient particularity, but rather, based on jurisdictional issues raised by the assertion of claims against improper Defendants. The court therefore enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss (#5) is **GRANTED IN PART and DENIED IN PART**. Specifically, Defendant's Motion to Dismiss is **GRANTED** as to Counts I and II (ADEA violations and wrongful discharge) against Defendant Amanda White and Defendant Brandon White for lack of subject matter jurisdiction, and such claims are **DISMISSED** as to those Defendants only. For all remaining claims, Defendant's Motion to Dismiss is **DENIED without prejudice** as to reasserting the substance of such motion after discovery has closed in the form of a motion for summary judgment.

Signed: December 11, 2015

Max O. Cogburn Jr.
United States District Judge